UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF KIRBY INLAND MARINE, L.P.,<br>AS DEMISE CHARTERER OF THE<br>T/B KIRBY 7304, PETITIONING FOR<br>EXONERATION FROM OR<br>LIMITATION OF LIABILITY | CIVIL ACTION NO. 04-611-SCR<br><br>MAGISTRATE JUDGE RIEDLINGER |

consolidated with

| | |
|---|---|
| MAUDRIE BARTNEY<br>Individually and on behalf of<br>All others similarly situated<br><br>VERSUS<br><br>KIRBY INLAND MARINE, L.P. | CIVIL ACTION NO. 05-953-SCR<br><br>MAGISTRATE JUDGE RIEDLINGER |

consolidated with

| | |
|---|---|
| CHISWAN LEJEUNE, TERRANCE WEST<br>Individually and on behalf of the minor<br>Child, TERRANCE WEST, JR.,<br>And all Other Similarly-Situated Persons<br><br>VERSUS<br><br>KIRBY INLAND MARINE, L.P. | CIVIL ACTION NO. 05-954-SCR<br><br>MAGISTRATE JUDGE RIEDLINGER |

consolidated with

| | |
|---|---|
| CHISWAN LEJEUNE, TERRANCE WEST<br>Individually and on behalf of the minor<br>Child, TERRANCE WEST, JR.,<br>MAUDRIE and ALBERT BARTNEY;<br>MARILYN ALEXANDER<br>And all Other Similarly-Situated Persons<br><br>VERSUS<br><br>RIVER CITY TOWING SERVICES, INC.<br>BATON ROUGE HARBOR SERVICE, INC. | CIVIL ACTION NO. 06-647-SCR<br><br>MAGISTRATE JUDGE RIEDLINGER |

consolidated with

| | |
|---|---|
| CHISWAN LEJEUNE, TERRANCE WEST Individually and on behalf of the minor Child, TERRANCE WEST, JR., MAUDRIE BARTNEY; ALBERT THEODORE BARTNEY; MARILYN G. ALEXANDER; AND ALWILLA DORSEY And all Other Similarly-Situated Persons | CIVIL ACTION NO. 08-20-SCR  MAGISTRATE JUDGE RIEDLINGER |

VERSUS

TESSENDERLO DAVISON CHEMICALS, L.L.C.;
TESSENDERLO KERLEY, INC.; AND
DAVISON PETROLEUM PRODUCTS, L.L.C.

**ORDER ADJUDICATING
MOTION FOR PRELIMINARY APPROVAL
AND CONSIDERATION BY THIS COURT OF THE
OUTLINE OF PROCEDURE FOR ALLOCATION AND DISTRIBUTION**

CONSIDERING the *Motion for Preliminary Approval and Consideration by this Court of the Outline of Procedure for Allocation and Disbursement*, record document number 190, and the changes to the proposed procedure subsequently approved by the court,[1] the motion is hereby Granted.

Specifically, this Court ORDERS the following:

**I.   THE SETTLEMENT CORPUS**

The present settlement fund is made of four settlements and the settlement corpus was designated as the *Class Settlement Fund*. The settlement corpus includes the following settlement funds, plus interest earned to date, but not shown below:

$   250,000.00 (Baton Rouge Harbor)

$   310,000.00 (River City Towing)

$   825,000.00 (Kirby Inland Marine)

$ 5,000,001.00 (TDC/TKI/DPP)

Total Settlement Corpus                                                                                          $6,385,001.00.

**II.   Establishment of Reserves**

---

[1] See record document number 192 and 193.

The settlement corpus was designated as the *Class Settlement Fund*. All reserves shall remain within the corpus, and are designated for the purposes shown below:

    A.    *The Class Distribution Fund* is FIXED in the amount of THREE MILLION, ONE HUNDRED NINETY TWO THOUSAND, FIVE HUNDRED DOLLARS AND 50/100 ($3,192,500.50), an amount equal to fifty (50%) percent of the Class Settlement Fund to be allocated to the class in its entirety during the initial allocation process and disbursed to the individual qualified class members.

    B.    *The Class Cost Fund* is FIXED in the amount of NINE HUNDRED FIFTY-SEVEN THOUSAND, SEVEN HUNDRED FIFTY DOLLARS AND 15/100 ($957,750.15) an amount equal to fifteen (15%) percent of the Class Settlement Fund to be subreserved as set forth below.

        1.    *Adjustment reserves* are FIXED in the amount of TWO HUNDRED FIFTY FIVE THOUSAND, FOUR HUNDRED DOLLARS AND 04/100 ($255,400.04) an amount equal to four (4%) percent of the Class Settlement Fund. Funds not consumed by the purpose for which the *Adjustment reserves* were created may then be consumed as part of the *Costs reserves*, if need be.

            a.    *The Preliminary Adjustment Reserve* is FIXED in the sum of TWO HUNDRED FIFTY THOUSAND, FOUR HUNDRED DOLLARS AND 04/100 ($250,400.04) from the *Adjustment reserves* for claims adjustments.

            b.    *The Secondary Adjustment Reserve* is FIXED in the sum of FIVE THOUSAND DOLLARS AND 00/100 ($5,000.00) from the *Adjustment reserves* to be set aside for a period of no less than sixty days from the date of entry of final judgment on the individual allocations for further contingencies.

        2.    *Cost Reserves* are FIXED in the amount of SEVEN HUNDRED TWO THOUSAND, THREE HUNDRED FIFTY DOLLARS AND 11/100 ($702,350.11) an amount equal to eleven (11%) percent of the Class Settlement Fund.

            a.    *The Reserve for Class Litigation Costs and Expenses* is FIXED in the sum of FOUR HUNDRED SEVENTY EIGHT THOUSAND, EIGHT HUNDRED SEVENTY FIVE DOLLARS AND 08/100 ($478,875.08), an amount equal to seven and 1/2 (7.5%) percent of the Class Settlement Fund. Class Litigation Costs and Expenses are both hard and soft and include, but are not limited to, those costs and expenses, including court costs, experts and other litigation expenses timely submitted and approved by this Court and for administrative processing.

            b.    *The Reserve for Class Administrative Costs and Expenses* is FIXED in the sum of ONE HUNDRED FIFTY NINE THOUSAND SIX HUNDRED TWENTY FIVE DOLLARS AND 03/100 ($159,625.03), an amount equal to two and 1/2 (2.5%) percent of the Class Settlement Fund. Class Administration

      Costs and Expenses are those costs attributable to the settlement process, the certification of the class, the notification, proof of claims process, data management and database preparation. Payments may be made from this fund as they accrue, where request for disbursement is made by the CSC and approved by this Court. [184]

   c. *The Reserve for Class Distribution Costs and Taxes* is FIXED in the sum of SIXTY THREE THOUSAND, EIGHT HUNDRED FIFTY DOLLARS AND 01/100 ($63,850.01) DOLLARS, an amount equal to one (1%) percent of the Class Settlement Fund. Class Distribution Costs and Taxes include those costs necessary to issue letters, and disburse the settlement monies. Payments may be made from this fund as they accrue, where request for disbursement is made by the CSC and approved by this Court. [184]

C. *The Reserve for Attorney Fees* is FIXED in the sum of TWO MILLION, TWO HUNDRED THIRTY FOUR THOUSAND, SEVEN HUNDRED FIFTY DOLLARS AND 40/100 ($2,234,750.40), an amount equal to (35%) percent of the Class Settlement Fund to be disbursed by CADA from the reserve for same as directed below.

 1. *The Reserve for Claimants' Steering Committee Attorney Fees* is FIXED in the sum of ONE MILLION, ONE HUNDRED SEVENTEEN THOUSAND, THREE HUNDRED SEVENTY FIVE DOLLARS AND 20/100 ($1,117,375.20) DOLLARS, an amount equal to (50%) percent of the Reserve for Attorney Fees and subject to a separate motion. [187]

 2. Attorneys, who timely filed their affidavits of mailing in accordance with previous orders of the court [181], shall receive the attorney fees earned on claimants for whom the attorney has timely submitted a valid contract [180].

 3. Claimants for whom a valid attorney contract was not timely submitted shall be deemed represented by the CSC and the fees earned on such claims shall be divided in the same proportionate manner as is *The Reserve for Claimants' Steering Committee Attorney Fees*.

D. *Interest* - The net interest, over and above income tax, earned on the *Class Distribution Fund* and the *Class Cost Fund* shall be allocated to the *Cost Reserve*. the interest, over and above income tax, earned on the *Reserve for Attorney Fees* will remain with that Fund.

E. *Accounting* - The **CADA** shall prepare a final accounting and submission of invoice to this Court no later than fifteen days after the final disbursement date. Any monies remaining in any reserve fund shall be used to satisfy fees, costs and judgments incurred to discharge any obligations arising under the *Settlement Agreement*(s). Any other remaining monies may be distributed only after additional order of this Court.

F. *Remaining Funds* - To the extent that any funds remain unallocated from any reserve fund confirmed herein, the CSC shall provide this Court with a

recommendation on the final disposition of such funds by further consideration and disposition by order of this Court.

### III.    ALLOCATION PROCESS

IT IS ORDERED THAT THE FOLLOWING IS HEREBY APPROVED:

### A.    EXCLUDED CLAIMS

1. **Out of Boundary** - The database file of each person whose proof of claim indicates that they were not in an exposure zone during relevant times and, thus, not a class member have been marked accordingly.

2. **Settled** - Individuals who have settled are not class members.

    a. <u>Fayard and Woods</u> - The CSC has used the information provided from Mr. Victor Woods and Mr. Calvin Fayard to identify persons under contract with those attorneys who have settled and who have agreed to settle outside of the class. The database file of each such person has been marked accordingly.

    b. <u>Dumas and Clayton</u> - The CSC has used the information provided from Mr. Walter Dumas and Mr. Tony Clayton to identify persons under contract with those attorneys who have settled. The database file of each such person has been marked accordingly.  Because complete information could not be obtained from those attorneys as to the names and other identifier information of all persons who have agreed to settle outside the class, but who have not yet received funds being held by these attorneys for such purposes, the database file of all persons under contract with such attorneys have been marked accordingly as settled.

    c. <u>Bartney</u> - The Kirby Inland Marine Settlement includes the settlement of the <u>Bartney</u> state court litigation for residents who reside in a certain area (Zone I) from September 2002 up and through the date of that settlement.  Schedule E was implemented to capture and identify claimants who qualify for a Kirby enhancement.  Regardless of who represents claimants who timely completed a Schedule E, all such persons with valid claims will not be considered to have settled and will receive an allocation letter.

    d. <u>Allocation letters</u> - Any claimant whose database file indicates that they have settled will receive a letter advising that they are not deemed to be a qualified claimant due to settlement. Any claimant represented by either Mr. Clayton or Mr. Dumas who receives a letter advising the claimant of his/her disqualification due to settlement and who timely files an objection must appear in court with his/her attorney to offer proof that a settlement or agreement to settle has not transpired or that settlement money is not being held by the attorney on behalf of the claimant. Such attorney will be required to produce the

5

    correspondence from Defense counsel with the ledger of claims settled that was provided to that attorney by Defense counsel along with copies of all cancelled checks and all signed releases and/or other such records.

 **3.** **Late Filed** - Individuals who late filed claims are excluded. [181]

The CSC has used the date received for the proof of claims to identify late filed claims. The database file of each such person has been marked accordingly and reports may be generated listing all such persons.

 **4.** **Hwy 1** - Individuals who indicated that their exposure was while traveling in a vehicle exclusively on Hwy 1 in Brusly or Addis and who did not have a residence or other exposure location in Brusly/Addis class boundary were excluded.

The CSC determined that such claims are not readily susceptible to being verified and, therefore, excluded such claims.

IT IS ORDERED THAT THE FOLLOWING IS HEREBY APPROVED:

**B.**  **EXPOSURE ZONES**

Utilizing the Master Database, the CSC will run a computer program that codes the claims using the incident location/exposure information provided by each claimant as set forth on the proof of claim form. The incident locations will be geocoded to determine whether an individual falls within Zone I, Zone II, or the residual Zone III to determine the base zone awards.

 **1.** **ZONE I**

Zone I is the area in Brusly which the scientific evidence from two experts indicates the highest risk of exposure. Persons whose claim forms indicate their exposure was while in Zone I will receive the highest zone award.

  a. *Boundary* - The Zone I boundary starts at the intersection of South Vaughn Drive and E. Main Street and continues east along E. Main Street to the intersection of E. Main Street and South Kirkland Road and then turning south and continuing on South Kirkland Road which becomes South River Road and continuing south on South River Road to the intersection of South River Road and Paul's Lane/La-327 and then turning west and continuing west on Paul's Lane/La-327 to the intersection of Paul's Lane/La-327 and South Vaughn and turning north and continuing north on South Vaughn also known as Highway 1 Service Road and/or Frontage Road to the beginning point at intersection of South Vaughn and E. Main Street. Additionally, River Landing Drive, River Crossing, Tullier Lane are included. The streets included in Zone I are as follows:

East Main Street
Landry Street
St. John Street

6

St. Luke Street
Brusly Landing
Bourgeois Street
Gwin Street
St. Matthew Sr.
Tassin Lane
Julien Street
Lejeune Street
Marionneaux Street
Margaret Street
St. Rita Street
Marshley Street
Choir Road
1st Street
Short unnamed street between East Main and East St. Francis which intersects River Road. All residences on this street are in.
East St. Francis Street
Floyd Street
Gleason Street
Babytown Lane
Pellerin's Trailer Park
Lukeville Lane - All East of Highway 1 (Below 3800)
Williams Lane
Billups Lane
Redhat Road
Antioch Street
Redeye Lane
Bartney Drive
Johnny Bartney Drive
Louise Street
Bertha Street
Guiding Star
Paul's Lane
River Landing Drive
River Crossing
Unnamed Street South of River Crossing
Tullier Lane
South Kirkland 121-900 (there is no 900)
South River Road 6100-7200
South Vaughn Drive (part east, of Highway 1)
Riverside Village Boulevard
Hall Lane
Brusly Middle School
Lukeville Elementary School

    b. *Kirby Claims* - certain persons timely completed a Schedule E, to qualify for an enhancement for exposure during relevant times to Kirby Inland Marine Settlement for the settlement of the <u>Bartney</u> state court matter. Those persons will receive an enhancement based upon the Kirby Inland Marine Settlement. The zone for *Kirby Claims* is the same as Zone I, excluding any residence, business or school located on South Vaughn/Frontage Road.

7

## 2. ZONE II

Zone II is the area in Brusly which the scientific evidence from an expert indicates the second highest risk of exposure. Persons whose claim forms indicate their exposure was while in Zone II will receive the mid-level zone award.

    a. *Boundary* - The Zone II boundary is not readily definable, but includes areas in Brusly west of the Mississippi River and east of Hwy 1/South Vaughn that were not included in Zone I. Additionally, crossing to the west side of Hwy 1 certain neighborhoods in Brusly are included in Zone II; however such area is not readily definable by street or other natural boundaries. All streets included in Zone II are as follows:

Younger Drive
Unnamed Street South of Tullier Lane
Elizabeth Lane
Dupuy Lane
Demoss Avenue
River Boat Lane
River Park Lane
Borruano Acres
Quarterhorse Lane
Famco Road
Bynum Lane
St. Agnes
Jr Lane
Rest of Lukeville Ln. 3800 and above, but not Lukeville Extension
West St. Francis up to South Labauve Ave
Willow Oak Drive
Oakleaf Court
Richard Street
Anita Street
Clubhouse Boulevard
Venzule Drive
Hebert Street
West Main -1000 and below
Lejeune Lane
Irma Street
Blanchard Street
Courtney Street
Tullier Street
River Oaks Drive
St. Mary Street
Jones Drive
Lee Drive
Sidney Street
North Vaughn Drive
Jay Street
Spanish Oak Drive
East Brusly Oaks Drive
Water Oaks Drive
North Brusly Oaks Drive

Oak Bend Drive
Elaine Street
Susan Jean Drive
Joyce Drive
Gladys Drive
Unnamed street located between Gladys Drive and Elizabeth Lane
Rivers Edge Drive
River Run Court
6800 River Road through 7242 River Road

**3. ZONE III**

Zone III is the area in Brusly which the scientific evidence from an expert indicates had the least exposure and that the level of exposure met the odor threshold. All streets within the class boundary that are not included in either Zone I or Zone II are in Zone III. Zone III includes class areas in Plaquemine, Brusly, Addis, and Baton Rouge. Persons whose claim forms indicate their exposure was while in Zone III will receive the lowest zone award.

IT IS ORDERED THAT THE FOLLOWING IS HEREBY APPROVED:

**C.  ENHANCEMENTS** - Claimants who acted as Class Representatives and claimants who submitted documents, including receipts or other evidence of out of pocket losses, will receive those losses and some enhancement for such loss.

**1. CLASS REPRESENTATIVES**

Each person who agreed to be a class representative in each of the lawsuits or settlements will received an enhancement of $1,500 for each such case in which the claimant was named and acted as a class representative.

**2. MEDICALS**

All medical bills will be reimbursed, where the medical treatment and billing therefor may be reasonably related to the releases.

**3. LIENS**

All documented liens will be paid directly to the medical provider or other lien holder in an amount not to exceed the approved payment to the claimant. Liens for health care or other medical treatment and billing, therefor, must be reasonably related to the releases to qualify for payment.

**4. OTHER**

Other enhancements not mentioned here may also be considered including but not limited to documented or receipted property damages, wage losses, business losses, etc.

IT IS ORDERED THAT THE FOLLOWING IS HEREBY APPROVED:

**D.     ISSUANCE OF NOTICE OF ALLOCATION GENERAL PLAN**

After geocoding is complete and enhancements added for Schedule E and as set forth above, the CSC, with the assistance of the CADA will cause a form letter to be issued to each claimant in the database.

1. **Out of Boundary** - Each persons whose proof of claim indicates that they were not in an exposure zone during relevant times and, thus, not a class member will receive a letter advising that they will not receive an allocation due to exposure location.

2. **Settled** - Individuals who have settled are not class members and will receive a letter advising that upon information and belief they either individually or through an attorney have settled all claims.

3. **Late Filed** - Individuals who late filed claims will receive a letter advising that their claim is being disallowed as untimely.

4. **Hwy 1** - Individuals who indicated that their exposure was while traveling in a vehicle exclusively on Hwy 1 in Brusly or Addis and who did not have a residence or other exposure location in Brusly or Addis will received a letter advising that they will not receive an allocation due to exposure location.

5. **Valid claims** - All qualified claimants will receive a letter advising them of the allocation plan including zone awards and further providing each person with the amount of their proposed allocation, along with a date and method by which an objection may be timely lodged, and a hearing date. Each claimant will be advised of their right to object to the allocation plan and/or of their right to object to their individual allocation amount and further advising that failure to appear for the hearing shall be deemed a waiver and/or withdrawal of any objection made. Additionally, the claims of claimants, who object to their individual allocations, will be reevaluated, which may result in the same or a lower or higher allocation amount.

IT IS ORDERED THAT THE FOLLOWING IS HEREBY APPROVED:

**E.     OBJECTION PROCESS**

Each objector will be required to submit a written objection stating whether the objection is to the allocation plan and/or to the individual allocation proposed.

The objection process shall require such objector to state in writing the basis for the objection and to offer any evidence in support of the objection.

Accordingly, this Court shall set a deadline for timely objections and a date and time upon which to hold a hearing on the overall fairness of the allocation and distribution plan and to hear the individual objections to proposed allocations.

IT IS ORDERED THAT THE FOLLOWING IS HEREBY APPROVED:

**F.    FAIRNESS HEARING**

On the day of the fairness hearing, all objections to the allocation plan shall be first heard, after the CSC has offered evidence to support such allocation plan. Objections to individual allocation awards will follow.

1. **OBJECTIONS TO ALLOCATION PLAN** - At the commencement to the allocation hearing the CSC will put on evidence to support the allocation plan and zone designations set forth above.  Any person who has timely filed an objection to the plan may be heard at that time.

    Where no objections are timely received, this Court may enter a judgment certified for appeal that approves the allocation and distribution plan as fair and reasonable.

2. **OBJECTIONS TO INDIVIDUAL AWARDS** - Following the hearing on the overall fairness of the allocation plan, and if approved by this Court, this Court may then entertain individual objections.

    Where objection(s) are timely received, on the day set for the hearing, the CSC will meet with each such person to attempt to resolve the objection.

    Where an objection(s) may be resolved to the satisfaction of all parties, the allocation may be considered final and a recommendation may be offered to this Court that judgment be entered for the individual accordingly.

    Any objection that cannot be resolved by the CSC will be heard and disposed of by this Court.

    The disposition of all objections will be placed on the record.

3. **SUBMISSION OF OBJECTIONS** - All objections must be timely submitted in writing to Brusly Allocation Objections, c/o Stephen M. Irving, 111 Founders Drive, Ste. 700, Baton Rouge, La 70810, and received by a date certain to be set by this Court as set forth below.

4. **ENTRY OF JUDGMENTS** - Following the hearing on objections, this Court may enter judgments dismissing objections as waived, dismissing objections as resolved, or adjudicating objections.  Such judgments shall be certified as final for appeal.

5. **NON-OBJECTORS/OBJECTIONS WITHDRAWN** - After assessing the reserves for objectors and the nature of any objection filed, the CSC shall make a recommendation to this Court as to whether it may enter judgment and disburse funds to those persons who do not object and/or who withdrew objection(s) to the allocation within 45 days of such order of this Court approving the reserves as adequate to allow the disbursements.

IV.  **ATTORNEY COSTS AND TIME**

   IT IS ORDERED THAT THE FOLLOWING IS HEREBY APPROVED:

   A.  **Costs**

   All hard and soft costs and expenses directly related to the related litigations and settlements shall be submitted for consideration no later than May 15, 2008. [187]

   B.  **CSC COMMON BENEFIT ATTORNEY FEES**

   All common benefit attorney time directly related to the settlement and/or litigation shall be submitted for consideration no later than May 15, 2008. [187]

   C.  **HEARING ON CONTESTED COSTS AND FEES**

   Following the hearing on individual allocations, this Court may hear objections to common benefit time and to the costs submitted and recommended for approval.

   D.  **ENTRY OF JUDGMENTS** - Following the hearing on objections, this Court may enter judgments dismissing objections as waived, dismissing objections as resolved, or adjudicating objections. Such judgments shall be certified as final for appeal.

V.  **DISTRIBUTION**

   IT IS ORDERED THAT THE FOLLOWING IS HEREBY APPROVED:

   A.  After this Court enters judgment on each claim and the legal delays run, the CSC, with the assistance of the CADA, will cause the checks to be mailed to the addresses shown on the proofs of claim with release language on the back of the check for endorsement.

VI.  **PRELIMINARY APPROVAL**

   **IT IS ORDERED THAT THE FOREGOING PLAN IS PRELIMINARILY APPROVED.**

   IT IS FURTHER ORDERED that the allocation letters shall issue on or before **June 13, 2008**.

   IT IS FURTHER ORDERED that the objections to the allocation plan and/or individual allocations shall sent to Brusly Allocation Objections, c/o Stephen M. Irving, 111 Founders Drive, Ste. 700, Baton Rouge, La 70810, and shall be received no later than **July 18, 2008**, to be considered.

   IT IS FURTHER ORDERED that the Final Fairness hearing on the consideration of

the fairness and of any objection to the allocation plan is hereby set and shall commence on **July 30, 2008, at 9:00 a.m., in Courtroom 5**, Russell B. Long Federal Building and Courthouse located at 777 Florida Street, Baton Rouge, Louisiana, 70801-1712, for the Middle District of Louisiana.

IT IS FURTHER ORDERED that the Final Fairness hearing on the objections to individual allocations is hereby and shall commence on **July 30, 2008, at 10:00 a.m., in Courtroom 5**, Russell B. Long Federal Building and Courthouse located at 777 Florida Street, Baton Rouge, Louisiana, 70801-1712, for the Middle District of Louisiana.

Baton Rouge, Louisiana, May 22, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE