## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF KIRBY INLAND MARINE, L.P., AS DEMISE CHARTERER OF THE T/B KIRBY 7304, PETITIONING FOR EXONERATION FROM LIMITATION OF LIABILITY** | **CIVIL ACTION NO. 04-611-SCR**<br><br>**MAGISTRATE JUDGE RIEDLINGER** |

Consolidated with

| | |
|---|---|
| **MAUDRIE BARTNEY**<br>**Individually and on behalf of**<br>**all Others similarly situated**<br><br>**VERSUS**<br><br>**KIRBY INLAND MARINE, L.P.** | **CIVIL ACTION NO. 05-953-SCR**<br><br>**MAGISTRATE JUDGE RIEDLINGER** |

Consolidated with

| | |
|---|---|
| **CHISWAN LEJEUNE, TERRANCE WEST**<br>**Individually and on behalf of the minor**<br>**Child, TERRANCE WEST, JR.,**<br>**And all other similarly situated persons**<br><br>**VERSUS**<br><br>**KIRBY INLAND MARINE, L.P.** | **CIVIL ACTION NO. 05-954-SCR**<br><br>**MAGISTRATE JUDGE RIEDLINGER** |

Consolidated with

| | |
|---|---|
| **CHISWAN LEJEUNE, TERRANCE WEST**<br>**Individually and on behalf of the minor**<br>**Child, TERRANCE WEST, JR.,**<br>**MAUDRIE AND ALBERT BARTNEY;**<br>**MARILYN ALEXANDER**<br>**And all other similarly situated persons**<br><br>**VERSUS**<br><br>**RIVER CITY TOWING SERVICES, INC.**<br>**BATON ROUGE HARBOR SERVICE, INC.** | **CIVIL ACTION NO. 06-647-SCR**<br><br>**MAGISTRATE JUDGE RIEDLINGER** |

Consolidated with

| | |
|---|---|
| **CHISWAN LEJEUNE, TERRANCE WEST** Individually and on behalf of the minor Child, **TERRANCE WEST, JR.,** **MAUDRIE BARTNEY,** **ALBERT THEODORE BARTNEY;** **MARILYN G. ALEXANDER, AND** **ALWILLA DORSEY** And all other similarly situated persons | **CIVIL ACTION NO. 08-20-SCR** **MAGISTRATE JUDGE RIEDLINGER** |

**VERSUS**

**TESSENDERLO DAVISON CHEMICALS, L.L.C., TESSENDERLO KERLEY, INC., and DAVISON PETROLEUM PRODUCTS, L.L.C.**

### RULING ON MOTION FOR RECONSIDERATION ON MOTION REQUESTING PERMISSION TO APPEAR ON BEHALF OF OBJECTORS

Before the court is the Motion for Reconsideration on Motion Requesting Permission for Attorneys to Appear on Behalf of Objectors. Record document number 212. The motion is opposed.[1]

While the proposed Objectors argue that they are class members who, but for their acceptance of a payment from the TDC defendants,[2] are entitled to an allocation from the from the settlements made with River City Towing Services, Inc., Baton Rouge Harbor Service, Inc., and Kirby Inland Marine, L.L.C., this has not been conceded by Class Counsel. Class Counsel note that none of the proposed Objectors has filed a signed receipt and release. The name, amount of the payment and signature are redacted from the sample receipt and release filed with the motion for

---

[1] Record document number 213.

[2] Tessenderlo Davison Chemicals, L.L.C., Tessenderlo Kerley, Inc., and Davison Petroleum Products, L.L.C. (collectively, the TDC defendants).

reconsideration. The court cannot determine whether the receipt and release was actually signed by any person on Exhibit A.  If it is true that each person on Exhibit A signed a receipt and release in the form attached to the motion, then there is no reason to redact the name.

Finally, even if the exposure location for each person on Exhibit A falls within an allocation zone such that the person would be entitled to a zone allocation based on the settlements made with River City Towing Services, Inc., Baton Rouge Harbor Service, Inc., and Kirby Inland Marine, L.L.C., , there is still the question of whether it is fair to the other class members that the person receive an allocation without contributing a portion of the person's payment from the TDC defendants to the class.  It seems highly unlikely that the proposed Objectors could have settled their claims without relying on the hard work done for the benefit of the class members.  Yet, the proposed Objectors apparently seek to keep all of what they received from the TDC defendants and not contribute any of it toward the expenses. .  Should the court determine that doing so is unfair to the other class members, then the court will need to know how much each proposed Objector received from the TDC defendants so that a fair contribution can be determined.  The court cannot make this determination when the amount received from the TDC defendants has been redacted from the receipt and release.

Finally, none of the proposed Objectors has shown that personally appearing for the July 30, 2008 hearing will impose an undue hardship.

Accordingly, the Motion for Reconsideration on Motion Requesting Permission for Attorneys to Appear on Behalf of Objectors is denied.

Baton Rouge, Louisiana, July 7, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE